

NIGHT BOX
FILED

OCT 06 2006

CLARENCE MADDOX
CLERK USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 06-20290-CIV-UNGARO-BENAGES
MAGISTRATE JUDGE JOHN O'SULLIVAN

KIRSTEN SALB, an individual,
on behalf of herself and all others similarly
situated,

      Plaintiff,

v.

EVERCOM SYSTEMS, INC.,
a Delaware corporation and
CORRECTIONAL BILLING SERVICES,
a wholly owned division of
EVERCOM SYSTEMS, INC.,

      Defendants.
_____/

## PLAINTIFF'S RESPONSE TO MOTION TO STRIKE BOYELL AFFIDAVIT

Plaintiff, Kirsten Salb ("Plaintiff"), respectfully responds to Defendants' Motion to Strike Boyell Affidavit dated September 14, 2006, and states as follows:

### Background

Plaintiff properly submitted an affidavit along with her Reply in Support of Class Certification in order to present important rebuttal testimony from Plaintiff's expert. Plaintiff seeks certification of a class of Florida consumers who paid for collect telephone calls made through Defendants' correctional telephone systems that were prematurely and improperly disconnected from January 2002 to the present. In her Motion for Class Certification, Plaintiff alleges that Defendants engaged in a common course of illegal or improper conduct that victimized class members in the very same manner. Plaintiff also alleges that "Defendants' own

records will identify the members of the putative class." Motion for Class Certification at 9. At the time Plaintiff filed her Motion for Class Certification, all of the discovery to date confirmed these allegations, which were likewise set forth in the Complaint.

In opposition to class certification, Defendants deny that there is commonality among their telephone systems and, for the first time, claim that class members cannot be identified from their records. Response at 8. In support of Defendants' claims, Defendants submitted the affidavit of their employee, Bob Rae, who states that "the telephone systems that Evercom uses vary throughout the United States." Rae Affidavit at ¶3. Mr. Rae also claims that "to understand why a particular call was disconnected, Evercom would have to listen to the call recording for the allegedly disconnected call." *Id.* at ¶23.

In order to rebut Mr. Rae's allegations, offered after the filing of the class certification motion, Plaintiff submitted the affidavit of its own expert, Roger Boyell. Mr. Boyell, responding to the Rae assertions, states while Evercom's systems may vary, they have one, common relevant characteristic: "the ability to monitor call content and disconnect based on that content." Boyell Affidavit at ¶4. Mr. Boyell also testifies that software used by Evercom can "institute a call blocking or dropping of a connection. . . [and] has the ability to identify the reason for the disconnection." *Id.* at 10.

Knowing that the Boyell Affidavit completely rebuts the Rae affidavit, Defendants moved to strike the Boyell Affidavit and pages 6 and 7 of Plaintiff's Reply so that this Court

2

would not be able to consider them in connection with Plaintiff's Motion for Class Certification.[1] As explained below, this rebuttal evidence is properly before the Court and should be considered on class certification.

### A. Plaintiff Properly Filed the Boyell Affidavit as Rebuttal Evidence.

Local Rule 7.1(c)(3) allows the movant to "serve a reply memorandum with affidavits, declarations, or other materials provided that all such materials are strictly limited to rebuttal of matters raised in the opposing memorandum." This is precisely what Plaintiff did.

Further, all of the discovery (only 18 pages of documents) provided to Plaintiff at the time she filed her Motion for Class Certification confirmed that the Defendants could tell precisely which class members suffered prematurely disconnected calls and for what reason. Only after Defendants' Response was filed, with the self-serving Rae Affidavit, was Plaintiff made aware that Defendant would actually attempt to deny these facts. Defendant's Response clearly contradicts the allegations of the Complaint which should be taken as true when considering class certification. *See Blackie v. Barrack*, 524 F. 2d 891, 901 (9th Cir. 1975); *Kelly v. City and County of San Francisco,* 2005 WL 3113065 (N.D. Cal. 2005); *Westways World Travel, Inc. v. AMR Corp.*, 218 F.R.D. 223 (C.D. Cal. 2003); *Levine v. SkyMall, Inc.*, 2002 WL 31056919 (D. Ariz. 2002).

---

[1] Only a small portion of page 7 of Plaintiff's Reply concerns the Boyell Affidavit. Most of page 7 regards a document that Defendant only produced to Plaintiff two days before Plaintiff's Reply in Support of Class Certification was due. This document shows that Defendants are aware of the call disconnection issue within their system, and provides a method for dealing with customer reactions to a disconnected call. Plaintiff is unaware as to why this relevant document was withheld from Plaintiff until two days before her Reply was due, but this document is clearly new evidence which Plaintiff could not have addressed until Plaintiff's Reply was filed. For this reason alone, page 7 should not be stricken.

3

Defendants also averred in their Response that Plaintiff "has not provided any empirical analysis or other evidence from which the Court may conclude that something is discernibly and uniformly wrong with Evercom equipment. There is no expert testimony, no affidavit containing anecdotal evidence, and no technical analysis even purporting to show that any Evercom equipment is malfunctioning." Response at 12. Although Plaintiff does not bear the burden of proving her case on a motion for class certification, this contention by Defendants is inflammatory and prejudicial. Plaintiff submitted the Boyell Affidavit, along with the relevant discovery received at that time, to rebut Defendants' assertions that no discovery has been taken and that there is no evidence that their systems are defective. Clearly, such evidence exists, and Plaintiff properly provided it on rebuttal in response to Defendants' direct challenges.

**B.     The Boyell Affidavit is Rebuttal Evidence That Should be Considered by the Court.**

Defendants claim that the Boyell Affidavit contains "new matter" raised by Plaintiff in her reply, implying that this affidavit is not truly rebuttal evidence. Motion at 2. However, they fail to identify *any* testimony from Mr. Boyell that does not directly rebut and contradict allegations made by their witness, Mr. Rae. Perhaps that is because each and every allegation made by Mr. Boyell rebuts an allegation made by Mr. Rae. For example, Mr. Rae testified in depth about the variations among the telephone systems Defendants use nationwide. Mr. Boyell specifically rebuts this allegation by testifying that the systems uniformly have the ability to monitor call content and disconnect calls based on that content. Boyell Affidavit at ¶4.

Mr. Boyell also specifically and expressly rebuts Mr. Rae's claim that the software for the system cannot identify the reason for a call disconnection, by explaining that the "tuning" of

4

the system, described by Mr. Rae, allows for "the ability to identify signals on the line warranting disconnection" and how that "implies that the reason for the disconnect is explicit, e.g., logged as to when and why it was effected by the software." *Id.* at ¶¶9-11. Mr. Boyell supports this conclusion with a document produced by Defendants that specifically identifies various reasons that a call can be disconnected and internal codes for those calls. Mr. Boyell concludes that simply "disconnected calls can be identified." *Id.* at ¶12.

Despite the fact that the Boyell Affidavit is clearly rebuttal, Defendants claim that Plaintiff should have anticipated their defenses and presented evidence to the Court with the motion for class certification. There is no authority or support for this position. In fact, at the class certification stage, courts routinely hold that class allegations and evidence are presumed to be true. *Supra,* page 3. However, when Defendants proffered the Affidavit of Bob Rae in opposition to class certification, Plaintiff rebutted the affidavit with her own expert's affidavit. This is entirely proper, and Plaintiff was under no duty to go beyond her pleadings to "anticipate" Defendants' grounds for opposing certification. Plaintiff's valid rebuttal testimony is clearly proper, and the motion to strike should be denied.

### C.   A Surreply is Unnecessary.

In the alternative, Defendants request an opportunity to file a surreply to "new matters raised by the Boyell Affidavit," but fail to address what specific new matters they propose to address. The Boyell Affidavit comports with the allegations of Plaintiff's Complaint and Motion for Class Certification. No new testimony was offered by Mr. Boyell, only rebuttal. For this reason, Defendants' request should be denied.

### D. Defendants Failed to Meet and Confer Prior to Filing Their Motion.

Prior to filing the Motion to Strike, Defendants failed to conduct a meet and confer session with Plaintiff's counsel in violation of S.D. Local Rule 7.1. If they had, they would have learned that Plaintiff would not have objected to the filing of a limited surreply addressing the issues Defendants claimed were new, and non-rebuttal. After the filing, Defendants' counsel called Plaintiff's counsel to confer about the filing of a limited surreply, but could not enumerate which issues raised by the Boyell Affidavit were new and non-rebuttal.

Indeed, Plaintiff asked to review a proposed surreply, but this request was denied as an effort to "see Defendants' work product." Of course it is no such thing, just a request to understand what exactly the Defendants contend in not classic rebuttal testimony.

### Conclusion

Defendants' Motion to Strike the Boyell Affidavit is clearly improper and should be denied. Plaintiff submitted an affidavit which directly rebuts the testimony of the Defendants' employee who called into question allegations in the Complaint which this Court must deem as true for the purposes of class certification. Similarly, since the Defendant did not (and cannot) address which specific issues they claim are new matters raised by the Boyell Affidavit, a surreply is not warranted.

CASE NO. 06-20290-CIV-UNGARO-BENAGES

Respectfully submitted,

*[signature]*

Lance A. Harke, P.A.
Florida Bar No. 863599
Sarah Clasby Engel, P.A.
Florida Bar No. 991030

HARKE & CLASBY LLP
155 South Miami Ave., Suite 600
Miami, Florida 33130
Telephone:     (305) 536-8220
Telecopier:    (305) 536-8229

*Co-Counsel for Plaintiff & Class Members*

-and-

Justin G. Witkin, Esq.
Florida Bar No. 0109584
R. Jason Richards
Florida Bar No. 0018207

AYLSTOCK, WITKIN & SASSER, P.L.C.
55 Baybridge Drive
Gulf Breeze, Florida 32561
Telephone: (850) 916-7450
Telecopier: (850) 916-7449

-and-

Glen Z. Golberg, Esq.
Florida Bar No. 0458953

GOLDBERG & ROSEN, P.A.
1101 Brickell Ave, Suite 900
Miami, Florida 33131
Telephone: (305) 374-4200
Telecopier: (305) 374-8024

*Co-Counsel for Plaintiff & Class Members*

7

CASE NO. 06-20290-CIV-UNGARO-BENAGES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served via U.S. Mail, this 6th day of October 2006 to:

Glen W. Waldman, Esq.
Eleanor T. Barnett
Bilzin Sumberg Baena Price & Axelrod, LLP
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131

Glen B. Manishin
Kelly Drye & Warren LLP
1200 19th Street, N.W., Suite 500
Washington, D.C. 20036

8